200 So.2d 443 (1967)
Shelton H. MORGAN
v.
Charles R. JACOBS and Mrs. Patricia Jacobs.
No. 44446.
Supreme Court of Mississippi.
May 22, 1967.
Suggestion of Error Overruled July 10, 1967.
*444 Stennett, Wilkinson & Ward, Jackson, for appellant.
Stratton & Jones, Brookhaven, for appellees.
GILLESPIE, Presiding Justice:
Two competing corporations engaged in the newspaper business merged. The stockholders of the merged corporation agreed not to compete with the corporation while owning stock therein and for a period of five years after ceasing to be stockholders. Two of the stockholders purchased the stock of the other stockholders, and shortly thereafter, the stockholders who had sold their stock organized a business which competed with the corporation. The chancery court enjoined the violation of the agreement not to compete. We affirm.
Prior to December 1961, two newspapers were published in Brookhaven, the county seat of Lincoln County, Mississippi. The "Lincoln County Advertiser" was published by the Brookhaven Publishing Company, the capital stock of which was owned by W.M. Lauderdale and Shelton Morgan. The "Brookhaven Leader Times" was published by Brookhaven Press, Inc., of which the sole stockholder was Charles Jacobs. Because of the competition between the two newspapers, it became difficult for either to operate profitably. On December 27, 1961, the stockholders of the two corporations executed a merger agreement under the terms of which the two corporations were merged into Southwest Publishers, Inc. On December 28, 1961, a stockholders agreement was entered into by all the proposed stockholders of Southwest Publishers, Inc. This agreement provided that the stock in Southwest Publishers, Inc. would be issued to Charles Jacobs and his wife, Patricia Jacobs, W.M. Lauderdale and his wife, Martha C. Lauderdale, and Shelton H. Morgan and his wife, Dena Morgan. The agreement provided for two classes of common stock, the number of shares to be issued to each party, and certain other provisions immaterial to this suit. The agreement also provided as follows:
No party hereto will, during the time that he is a stockholder in the Corporation and for a period of 5 years after he *445 or she ceases to be a stockholder therein, engage in, work for, operate, or be connected in any way with any business or other activity which is directly or indirectly competitive with the business and principal activities of the Corporation in the City of Brookhaven and in Lincoln County, Mississippi.
On January 15, 1962, the secretary of state executed the certificate completing the merger, and on that date Southwest Publishers, Inc. became a legal entity. Southwest Publishers, Inc. thereafter operated the only newspaper in Brookhaven. Sometime prior to January 4, 1966, disagreements arose among the stockholders, and on that date an agreement was entered into by the stockholders of Southwest Publishers, Inc., being the same stockholders previously referred to except that Mrs. Martha C. Lauderdale had acquired the stock of W.M. Lauderdale upon his death. It was provided that all the stock owned by Mrs. Lauderdale and Mr. and Mrs. Morgan would be sold to Charles R. Jacobs and his wife, Patricia R. Jacobs, for a cash consideration of $70,000 and other adjustments provided for therein.
Paragraph 2 of this agreement provided as follows:
Mrs. Martha C. Lauderdale, Shelton H. Morgan and Dena Morgan hereby discharge and release Southwest Publishers, Inc., Charles R. Jacobs and Mrs. Patricia R. Jacobs from any and all claims, debts and civil liability for damages which accrued prior to the date hereof excluding, however, all unpaid, lawful promissory notes of Southwest Publishers, Inc.
Following the sale of the stock pursuant to the aforementioned agreement, Morgan and his wife began publication of the "Buyer's Guide," which was engaged in advertising in Lincoln County in competition with the business being operated by Southwest Publishers, Inc. Charles Jacobs and his wife, Patricia R. Jacobs, filed suit against the Morgans and Mrs. Lauderdale, seeking to enjoin the former stockholders from violating the restraint clause contained in the stockholders agreement of December 28, 1961.
There is little dispute in the evidence, and the foregoing statement includes most of the essential facts involved in the case. Other facts are stated in discussing the issues raised on this appeal. The chancellor delivered an opinion dealing with the various issues raised in the lower court and concluded that the complainants were entitled to the relief sought. He accordingly entered a decree enjoining the Morgans and Mrs. Lauderdale from engaging in, working for, operating, or being connected in any way with, any business or other activity directly or indirectly in competition with the business of Southwest Publishers, Inc. Only Shelton H. Morgan appealed to this Court.
Appellant contends that the contract dated January 4, 1966, providing for the sale by Mrs. Lauderdale and Mr. and Mrs. Morgan of their stock in Southwest Publishers, Inc. to Mr. and Mrs. Jacobs, released all parties from the restraint clause. It is argued that the latter contract was a complete novation or substitution of all prior agreements between the parties. This argument is strengthened, appellant says, by the fact that appellees' attorney testified that he sought to include in the last contract a reaffirmation of the restraint clause but that appellant refused to allow such a reaffirmation to be included.
We are of the opinion that the chancellor was correct in holding that the restraint clause in the agreement of December 28, 1961, was not abrogated or released by the contract of January 4, 1966. Appellees' attorney, who testified that he sought reaffirmation of the restraint clause, also testified that he told the Morgans at the time the last contract was signed that he hoped no litigation would arise from the clause in question and that the Jacobs would protect their rights in that regard. The release contained in paragraph 2 of the last *446 contract was limited to "civil liability for damages which accrued prior to the date hereof." There had been no violation of the restraint clause at the time the last contract was signed. The restraint clause contemplated that some of the parties to the contract of December 28, 1961, would sell or otherwise dispose of their stock. For this reason it provided that there could be no competition for a period of five years after any party thereto ceased to be a stockholder in the new corporation. The continued validity of the clause in question did not depend upon its being reaffirmed in the contract for the sale of the stock.
If the contract dated January 4, 1966, was a release or constituted a novation or substitution of a new obligation for the old one, there must have been an intention on the part of appellees that Mrs. Lauderdale and the Morgans be released from their contract not to compete with the corporation. There is no evidence that the Jacobs so intended. The chancellor held on ample evidence that there was no abrogation or modification of the clause in question. We find no error in this holding.
Appellant contends that the stockholders agreement of December 28, 1961, containing the restraint clause, is not binding on appellant because the new corporation, Southwest Publishers, Inc., was not then a legal entity, and the contracting parties were not stockholders therein until January 15, 1962, when the new corporation came into existence. The purpose of the merger agreement of December 27, 1961, was to bring the new corporation into existence. The stockholders agreement of December 28, 1961, was also in furtherance of the plan for merging the two existing corporations. These two agreements must be read and construed together. They involved the same subject matter and must be read and considered in view of the fact that the merged corporation did come into existence on January 15, 1962, when the secretary of state's certificate of merger was executed. See Management, Inc. v. Crosby (Miss. 1967) 197 So.2d 247. We are of the opinion that the stockholders agreement of December 28, 1961, is just as valid and binding, insofar as the restraint clause is concerned, as it would have been had the merged corporation come into existence and the stock therein been issued the same day the stockholders agreement was signed.
Appellant next says that since the restraint clause in question is in restraint of trade, the burden of showing its reasonableness was upon appellees and that they failed to meet this burden. At the outset of this discussion, it is to be noted that this is an agreement which bound all parties to it. It was a mutually binding agreement, unlike those containing post-employment restraints. See Redd Pest Control Co. v. Heatherly, 248 Miss. 34, 157 So.2d 133 (1963).
Appellees offered proof that the newspaper published by Southwest Publishers, Inc. was published in Brookhaven and distributed generally in Lincoln County. The proof further showed that when newspapers are merged, contracts of this nature are customary. In this case Mrs. Lauderdale and the Morgans were paid $70,000 for their stock, or $700 per share, which was several times in excess of its book value. We are of the opinion that the chancellor had before him sufficient evidence to justify his finding that the clause in question was reasonable under all the circumstances as to both time and place.
Appellant contends finally that the restraint clause violates sections 1 and 2 of the Sherman Antitrust Act, 15 United States Code sections 1, 2 (1964), and Mississippi Code Annotated section 1088 (1956). We feel that there is no merit in this contention. The chancellor was justified in finding that the clause in question resulted in no unreasonable restraint of trade and was not inimical to the public welfare.
*447 For these reasons we are of the opinion that the decree of the chancellor should be, and it is hereby affirmed.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.