Memorandum. The order of the Appellate Division is affirmed, without costs.
The parties entered into two simultaneously executed agreements by which plaintiff leased certain real property and a veterinary practice to defendant. The leases were to terminate at the end of five years, the defendant having the option of a renewal for an additional five-year term. The veterinary practice lease contained a covenant by which defendant agreed not to compete with plaintiff for a period of five years in a designated area, in the event either of the lease agreements should be terminated because of defendant’s default, or in the event defendant, upon timely notice, elected to cancel the lease during its term. Upon the expiration of the regular term of the lease, defendant chose not to exercise his option to renew the lease for an additional five-year term.
Covenants not to compete should be strictly construed because of the "powerful considerations of public policy which militate against sanctioning the loss of a man’s livelihood” *875 (Purchasing Assoc. v Weitz, 13 NY2d 267, 272; see, also, Reed, Roberts Assoc. v Strauman, 40 NY2d 303; Karpinski v Ingrasci, 28 NY2d 45). The covenant not to compete did not survive the lease since expiration of its term may not be construed as termination by default or a unilateral cancellation thereof at defendant’s election, pursuant to the terms of the agreement. Summary judgment was properly granted to defendant.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorándum.
Order affirmed.