## (March 7, 1977)

■ AMERICAN YEARBOOK COMPANY, INC., Appellant, v PHILIP F. ST. PIERRE, Respondent.—In an action, *inter alia,* to enjoin defendant from soliciting or selling school yearbooks in New York City and Nassau and Suffolk Counties, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County, entered September 22, 1976, which (1) denied its motion for a preliminary injunction and (2) granted defendant's cross motion to dismiss the complaint. Order and judgment modified by deleting therefrom the second and third decretal paragraphs and substituting therefor a provision that the cross motion is denied. As so modified, order and judgment affirmed, with $50 costs and disbursements to plaintiff. Defendant's time to answer is extended until 20 days after entry of the order to be made hereon. The finding of Special Term that the restrictive covenant here involved is unenforceable is improper on the record before us. On its face, the restrictive covenant is not unreasonable as a matter of law. As such it is "subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee (e.g., *Clark Paper & Mfg. Co. v Stenacher,* 236 NY 312; *Service Systems Corp. v Harris,* 41 AD2d 20; see, generally, Richards, Drafting and Enforcing Restrictive Covenants Not to Compete, 55 Marquette L Rev 241)" *(Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307). An overbroad request for relief in the complaint should not prevent a court, on a proper record, from providing relief consistent with the legitimate concerns and interests of both parties (cf. *Karpinski v Ingrasci,* 28 NY2d 45). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.