■ REID T. MULLER, Respondent, v N. Y. HEART CENTER CARDIOVASCULAR SPECIALISTS, P. C., Appellant. [656 NYS2d 464] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered May 14, 1996 in Madison County, which, *inter alia*, granted plaintiff's motion for partial summary judgment.

Plaintiff, a practicing cardiologist, was employed by defendant from January 1993 through February 1996 pursuant to a written employment agreement. In this action, plaintiff seeks a declaration of the rights and responsibilities of the parties with respect to an aspect of the agreement that purports to restrict the scope of the professional activities he may pursue during the first two years after leaving defendant's employ. The narrow issue presented is whether plaintiff is precluded from practicing in Syracuse area hospitals, a limitation that he contends prevents him from providing proper care to the patients he serves in his practice in the geographic area covering the Village of Hamilton and City of Oneida in Madison County, his immediate resumption of which was contemplated by both parties and specifically allowed by the agreement.

Finding the provision at issue harmful to the general public and its enforcement unnecessary to protect defendant's interests, Supreme Court granted plaintiff's motion for partial summary judgment, declaring the aforementioned portion of the restrictive covenant unenforceable, and denied defendant's cross motion. Defendant appeals.

For the reasons outlined by Supreme Court, we concur that

the restrictive covenant should not be enforced, insofar as it prohibits plaintiff from attending to his Hamilton/Oneida area patients when they have been referred to Syracuse hospitals (*see, Karpinski v Ingrasci*, 28 NY2d 45, 49, 51; *cf., Gelder Med. Group v Webber*, 41 NY2d 680, 685). It is apparent, when Supreme Court's decision is considered in its entirety and in the context of the record as a whole, that this was the scope of relief intended to be granted thereby. Nevertheless, inasmuch as the decretal portion of that decision and order could, by its literal terms, be interpreted more broadly, so as to enable plaintiff to attend and service any patients—even those who are not patients of his Hamilton/Oneida area practice—in Syracuse hospitals, a result neither intended by Supreme Court nor warranted by the circumstances, it shall be modified to more clearly delineate the scope of permissible activities.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, to the extent that the restrictive covenant is declared unenforceable only insofar as it prohibits plaintiff from attending to his patients, in Syracuse hospitals, when they have been referred to those hospitals from his Hamilton/Oneida practice, and, as so modified, affirmed.