16-1333-cv
*Crye Precision LLC v. Duro Textiles, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
KATHERINE B. FORREST,*
*District Judge.*

---

CRYE PRECISION LLC AND LINEWEIGHT LLC,

*Plaintiffs-Counter-
Defendants-Appellants*,

v.                                                                    16-1333-cv

DURO TEXTILES, LLC,

*Defendant-Counter-Claimant.*†

---

**FOR PLAINTIFFS -APPELLANTS:**          Robert A. Horowitz, Greenberg Traurig LLP, New York, NY.

---

* Judge Katherine B. Forrest of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is directed to amend the caption as above.

**FOR DEFENDANT-CLAIMANT:** Duro Textiles, LLC, *proceeding pro se.*

Appeal from a judgment of the U.S. District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Crye Precision LLC ("Crye") and Lineweight LLC sued Duro Textiles, LLC ("Duro") for trade dress infringement under the Lanham Act, breach of contract, and unfair competition. Specifically, Crye alleged that Duro violated section 3(h) (the "non-compete clause") of the parties' agreement and infringed MULTICAM's trade dress by producing the Scorpion W2 camouflage pattern ("W2") for the Army. The district court dismissed Crye's request for injunctive relief and granted summary judgment to Duro, simultaneously denying Crye further discovery under Federal Rule of Civil Procedure 56(d). Crye appeals that judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*\*\*

We review *de novo* a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). We review the denial of a request for additional discovery pursuant to Rule 56(d) for abuse of discretion. *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016); *see also Pippins v. KPMG, LLP*, 759 F.3d 235, 251 (2d Cir. 2014).

## I.      Breach of Contract

We hold that the district court correctly granted summary judgment to Duro on the breach of contract claim. Under New York law, non-compete clauses are evaluated for reasonableness and undue hardship. *See, e.g.*, *Mohawk Maint. Co. v. Kessler*, 52 N.Y.2d 276, 283-84 (1981); *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 388-89 (1999) (applying reasonableness to non-compete clauses in employment contracts). New York courts look at the totality of the circumstances. *See BDO Seidman*, 93 N.Y.2d at 390 ("[T]he test of reasonableness of employee restrictive covenants focuses on the

particular facts and circumstances giving context to the agreement.").

The non-compete clause prohibited Duro from making "any products that are similar to MULTICAM through color palette, pattern, arrangement or placement of any elements incorporated in MULTICAM." App'x 41. This provision could be read to prevent Duro from making any camouflage pattern designed for the same environment as MULTICAM, especially if, as Crye reads it, "color palette" refers only to the set of colors used and not more unique elements like color gradients. Duro's expert opined that most camouflage patterns designed for a given environment will share colors and a similar pattern.

We agree with the district court that the non-compete clause is unreasonable in scope and therefore, unenforceable. Crye argues that the theoretical scope of the clause is irrelevant, and that the best way to discern the parties' intent is to "see what they have done." *But cf. Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010) ("The best evidence of what parties to a written agreement intend is what they say in their writing."). But that argument fails because the non-compete clause is unreasonable on its face.

We also reject Crye's assertion that Duro is estopped from invalidating the non-compete clause because Duro, a sophisticated business, wanted to include it, benefitted from it, and therefore created its own hardship. The district court rightly concluded that these factors, even if true, do not permit the enforcement of a provision contrary to public policy.

Finally, we reject Crye's argument that the district court erred by declining to "blue pencil" the unreasonable portions of the non-compete clause. The "blue pencil" rule permits a court to partially enforce a restrictive covenant if "the unenforceable portion is not an essential part of the agreed exchange" and the party enforcing the covenant acted in good faith. *BDO Seidman*, 93 N.Y.2d at 394. Here, the district court properly declined to add Crye's proposed six-year limitation because the non-compete clause would still be overly broad. Crye argues that the district court could have further defined color palette, pattern, and arrangement. But these terms are the essence of the clause; none can be severed to permit partial enforcement. *Cf. Karpinski v. Ingrasci*, 28 N.Y.2d 45, 52-53 (1971). Accordingly, we conclude that the district court appropriately granted summary judgment to Duro on the breach of contract claim.

3

## II.  Trade Dress Infringement and Common Law Unfair Competition

Crye's trade dress infringement and common law unfair competition claims also fail for primarily the reasons stated in the district court's opinion and order. Trade dress "encompasses the overall design and appearance that make the product identifiable to consumers." *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 118 (2d Cir. 2001). The Lanham Act provides that:

> Any person who, on or in connection with any goods . . . , uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).  A court must first determine if the "mark merits protection." *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 216 (2d Cir. 2012) (internal citation omitted). If so, the court considers "whether [the] defendant's use of a similar mark is likely to cause consumer confusion." *Id.* at 217 (quotation marks and citation omitted). The plaintiff must show a "likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009) (quotation marks and citation omitted).

Likelihood of confusion is determined by the eight-factor test developed in *Polaroid Corp. v. Polaroid Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961):

> (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market.

*Starbucks Corp.*, 588 F.3d at 115. The *Polaroid* test is "not mechanical, but rather, focuses on the ultimate question of whether, looking at the products in their totality, consumers are likely to be confused." *Id.* (quotation marks and internal citation omitted). Here, the district court assumed that the first three factors weighed in favor of Crye. Furthermore, factor four is irrelevant because the products exist in

the same market. *See Paddington Corp v. Attiki Importers & Distributors, Inc.*, 996 F.2d 577, 586 (2d Cir. 1992). Nor does factor seven apply because Crye concedes that the products were of the same quality.

The only evidence of actual confusion that Crye offers is a video of an Army general appearing to confuse MULTICAM with W2. However, Crye did not show that the general had any role in selecting or purchasing W2. Moreover, other evidence demonstrated that the Army personnel in charge of developing and selecting W2 understood the differences between it and MULTICAM. Therefore, we are not persuaded that there was a likelihood of confusion.

Nor did Crye raise a genuine dispute of fact with respect to Duro's bad faith. To show bad faith, a plaintiff must show that the defendant intended to create confusion between the products or marks at issue. *See Starbucks Corp.*, 588 F.3d at 117-18 ("[T]he only relevant intent is intent to confuse." (internal citation omitted)). Because the Army invented, patented, and buys W2, any similarities between W2 and MULTICAM cannot be attributed to Duro. *Cf. Paddington Corp. v. Attiki Imp. & Distrib., Inc.*, 996 F.2d 577, 587 (2d Cir. 1992) (holding that bad faith existed where the defendant selected a similar design to distribute). Accordingly, the district court appropriately concluded that there was no evidence of bad faith. We therefore affirm the grant of summary judgment to Duro with respect to Crye's trade dress claim.

Similarly, because Crye introduced no evidence that W2 was likely to confuse its consumer, the Army, or that Duro acted in bad faith, summary judgment was also properly granted on Crye's unfair competition claim. A common law unfair competition claim under New York law is generally "the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995). Under the Lanham Act, "the plaintiff must show either actual confusion in an action for damages or a likelihood of confusion for equitable relief," as well as bad faith. *Id.* at 35 (internal citation omitted). Here, Cyre shows neither confusion nor bad faith. We thus conclude that summary judgment on Crye's trade dress and common law unfair competition claim was appropriate.

### III.    Rule 56(d) Motion

Crye also asserts that the district court abused its discretion by denying it additional discovery

under Rule 56(d). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the district court may deny or defer the pending motion for summary judgment, permit time for additional discovery, or issue another appropriate order. Fed. R. Civ. P. 56(d). But "[a] court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be discovered, and a bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment." *In re Dana Corp.*, 574 F.3d 129, 148-49 (2d Cir. 2009) (internal quotation marks and citation omitted). The district court was well within its discretion to conclude that Crye's requests were cumulative or unlikely to alter the outcome on summary judgment.

## IV.     Rule 12(b)(1)

Finally, Crye sought injunctive relief for Duro's alleged breach of the non-compete clause. The district court determined that this request was effectively a patent infringement claim that belongs in the Court of Federal Claims. *See* 28 U.S.C. § 1498(a). Having determined that the non-compete clause was unenforceable, we need not address this issue.

## CONCLUSION

We have considered all of Crye's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6