Grassi & Co., CPAS, P.C. v Honka (2020 NY Slip Op 01262)





Grassi & Co., CPAS, P.C. v Honka


2020 NY Slip Op 01262


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11087 651673/18

[*1] Grassi & Co., CPAS, P.C., Plaintiff-Respondent,
v
Honka, Ronald, Defendant-Appellant.


Orr Cook, Ponte Vedra, FL (Rene M. Fix of the bar of the State of Florida, admitted pro hac vice, of counsel), for appellant.
Davidoff Hutcher & Citron LLP, New York (Matthew R. Yogg of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about January 16, 2019, which denied defendant's pre-answer CPLR 3211(a)(7) motion to dismiss the complaint, unanimously affirmed, with costs.
When assessing a CPLR 3211(a)(7) motion to dismiss, the pleading is to be afforded a liberal construction, the facts as alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court determines only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez , 84 NY2d 83, 87-88 [1994]). Further, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and "the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (id. [internal quotation marks and citations omitted]).
Under these standards, the complaint sufficiently alleges claims for breach of the employment agreement's non-solicitation provision and tortious interference.
Defendant's attacks on the reasonableness, breadth, legality, and enforceablity of the non-recruitment provision are all premature at this early stage of the litigation, as they are each fact-based determinations (accord BDO Seidman v Hirshberg , 93 NY2d 382 [1999]; Karpinski v Ingrasci , 28 NY2d 45, 49 [1971]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK