■ MICHAEL LONGO, Doing Business as LONGO CONSTRUCTION Co., Respondent, v. EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., et al., Appellants.

Reynolds, J. P., Staley, Jr., Cooke and Sweeney, JJ., concur; Greenblott, J., dissents and votes to reverse, in the following memorandum: This order and judgment should be reversed and the case remanded for a trial on the merits. The minimal sufficiency of a factual controversy required to defeat the motion for summary judgment has been raised

by appellants. (See *Dinzler* v. *Lombardo,* 25 A D 2d 467.) Appellants contend, *inter alia,* that the contractor complained on several occasions that the quality of the gravel furnished by respondent did not meet the contract specifications, and threatened to reject any future gravel which did not meet specifications. It is also contended that an oral agreement was thereafter made, whereby the contractors agreed to accept the gravel and perform the necessary labor to conform it to specifications, for which they would be reimbursed by respondent. In the letter of June 14, 1968, Corbeau Construction Corporation and Newman Construction Corporation informed respondent that " We herewith accept your proposal to furnish and deliver bank run gravel in accordance with the Contract requirements for Item 12 ECB of the Public Works Specification for the unit price of $1.25 C.Y." Thereafter, deliveries of gravel were made. The affidavit of Samuel Erde of Corbeau Construction Corporation states that when he informed respondent that he was going to reject every load of gravel which failed to meet the contract specifications,. respondent replied that "we should accept the gravel as tendered, ' make ' the gravel acceptable to the State Inspectors who were ever present on the job site by culling out the larger particles of stone and that he would reimburse us by appropriate credits, etc., for the labor expended by us in making his gravel measure up to the specifications." A further fact question is presented in regard to the authority of the contractor's employee who signed for each load of gravel delivered to the job site. Respondent contends that this man was a foreman possessed with sufficient authority to bind his employer for the material delivered. Appellants reply that this employee was a " dump man " who merely signed for the load to confirm delivery, but who had no knowledge of the quality specifications of the gravel. A dispute also exists over the oral agreement for the rental of equipment. Appellants contend that the agreed price for the bulldozer was not $35 per hour as respondent asserts, but the " going rate" for similar equipment in the area. A sufficient factual issue has been raised entitling appellants to their day in court.