V. A. W. OF AMERICA, INC., Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered July 15, 1970 in Ulster County, which denied defendant's motion for partial summary judgment. Plaintiff is engaged in the business of producing aluminum products. In connection with its manufacturing process, plaintiff used a 200 HP General Electric Company 2-speed, three phase induction motor which it purchased in 1962. On or about August 31, 1966 plaintiff shipped the motor to defendant for repair with a purchase order directing that the repairs be made. An acknowledgment was attached to the purchase order, a copy of which was annexed to the moving papers, but there is no evidence that it was executed or delivered to plaintiff. It is contended by plaintiff that on September 8, 1966 the motor was returned by defendant as repaired, and that on September

9, 1966, it was tested and did not work, and was sent back for further repair. Plaintiff also contends that on or about September 12, 1966, defendant mailed an "acknowledgement" to plaintiff which contained printed terms and conditions which, in part, provided that defendant's liability for warranty or negligence "shall in no case exceed the total amount of the contract price". The motor was finally repaired and delivered to plaintiff on February 5, 1967 in workable condition, and defendant's bill for $5,202 for the repairs was paid by plaintiff. This action was commenced on March 7, 1969 to recover damages for the alleged failure by defendant to repair the motor properly, the complaint stating one cause of action for breach of contract and warranty, and another cause of action for negligence. In both causes of action, special, indirect and consequential damages are alleged. In its amended answer, defendant alleges affirmative defenses to each cause of action to the effect that by the terms of its "acknowledgment" no recovery can be had for any special, indirect or consequential damages. In the motion for partial summary judgment, defendant seeks to limit its liability, if any, for damages of the contract price, and to prohibit any recovery for special, indirect or consequential damages. In reply to defendant's notice to admit, plaintiff did admit receiving a document purporting to be an "acknowledgment" from defendant which contained statements and declarations of limitations of liabilty, but plaintiff denies that it ever accepted or agreed to said statements, or that it was bound by any such statements. Plaintiff contends that defendant's "acknowledgment" was an offer of new terms which was transmitted four days after defendant returned the motor to plaintiff allegedly repaired, and further that plaintiff never accepted or agreed to the new terms. The true nature of the agreement between the parties thus becomes a question of fact and certainly cannot be determined on the documentary evidence and affidavits presented on the motion. Since triable issues of fact exist, the motion for partial summary judgment was properly denied. (*Bakerian* v. *Horn,* 21 A D 2d 714.) In addition, the affidavits in support of the motion and in opposition thereto were submitted by attorneys for the parties, none of whom profess any personal knowledge of facts involved. The requirement of CPLR 3212 (subd. [b]) that such a motion must be supported by the affidavit of a party having knowledge of the facts, has not been met. (*Callanan Road Improvement Co.* v. *Ter-Mel Constr. Corp.,* 30 A D 2d 591; *Di Sabato* v. *Soffes,* 9 A D 2d 297.) We do not reach the issue of the merits of defendant's affirmative defenses. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.