■    GULF & WESTERN CORPORATION, Respondent, v HARLEQUIN ENTER-

PRISES LIMITED, Appellant.—Order, Supreme Court, New York County, entered January 15, 1980, which denied defendant's motion for summary judgment and granted plaintiff summary judgment as to liability, modified, on the law, to the extent of reversing the grant of summary judgment to plaintiff, thereby denying summary judgment relief, and as so modified, affirmed, without costs. In this action for damages allegedly suffered by plaintiff due to defendant's alleged breach of a book distribution contract, it is clear that material issues of fact are presented precluding the grant of summary judgment relief to either party. Plaintiff acted as exclusive distributor of defendant's (a Canadian corporate publisher of paperback books) books in the United States pursuant to an agreement which by its terms expired on December 31, 1979. The alleged breaches set forth in the complaint are: (1) that commencing three months before the expiration date, defendant prevented plaintiff from selling defendant's books, thereby frustrating plaintiff in earning commissions, and (2) that defendant "repudiated its obligation to pay commissions earned by plaintiff through work done and for orders obtained through December 31, 1979 to the extent the resulting orders are shipped after that date." In response, defendant asserts it did not breach the contract. Although defendant concedes that it was under a contractual duty "to use its best efforts" in assisting plaintiff to market defendant's books until December 31, 1979, defendant interpreted the contract's provisions so as to permit it before the expiration date to stop supplying plaintiff with new titles because plaintiff was going to go into competition with defendant. Since defendant can point to no contractual provision that unequivocally gives it the right to do this, and as the provisions it does rely on in the context of the entire agreement are susceptible of different interpretations (i.e., contain a latent ambiguity), a material issue of fact is presented as to whether it can be reasonably implied under the agreement that defendant had the right to so protect itself. Similarly, an issue of fact is raised as to whether the contract requires defendant to pay plaintiff commissions on orders obtained before the agreement expired, but which were shipped after expiration of the agreement. Finally, apart from the aforesaid, the instant matter presents a situation where the liability and damage issues are inextricably intertwined. On this record it is clear that the damage issue is not presently susceptible to summary judgment relief and, in consequence, summary judgment must also be denied as to liability. Concur—Murphy, P. J., Kupferman, Sullivan, Lupiano and Carro, JJ.