■ OLINKRAFT, INC., Appellant, v FAIRBAIRN LUMBER CORP., Respondent.—Appeal from an order of the County Court of Delaware County, entered June 8, 1979, which denied plaintiff's motion for summary judgment. The plaintiff corporation is in the business of manufacturing and selling paper containers. Alleging an oral contract with the defendant, it seeks to recover the purchase price of a quantity of merchandise it delivered to the defendant. The defendant concedes the placement of an order by telephone but maintains that the order was placed upon the express condition that delivery was to be accomplished by June 25, 1977. Inasmuch as the merchandise was not delivered until mid-September, defendant denies responsibility for payment. Firstly, the requirement of CPLR 3212 (subd [b]) that a motion for summary judgment be supported by an affidavit from a person having knowledge of the facts and that it must recite all of the material facts has plainly not been met (cf. *V.A.W. of Amer. v General Elec. Co.,* 38 AD2d 989). Either the plaintiff's credit manager, whose affidavit was submitted, was without personal knowledge, which seems more likely to be the case, or he neglected to include the essential material so that the affidavit is lacking, *inter alia,* as to the identity and authority of those acting for the respective parties and any particulars of the oral contract. The affidavit of the defendant's vice-president avers that the contract was subject to a strict time limitation which was breached by the plaintiff. On this record sufficient factual issues appear, and, accordingly, they must be resolved at trial. Lastly, plaintiff contends that the delivery of

the merchandise by the plaintiff and its acceptance by defendant entitles it to summary judgment, relying upon *Longo v Employers Liab. Assur. Corp.* (36 AD2d 650), the facts of which, it professes, are indistinguishable from those at bar. We hasten to note that in the case at hand there is no allegation that the accepting agent or employee was possessed of sufficient authority to bind the defendant, and, most significantly, *Longo (supra)* was reversed by the Court of Appeals upon the dissenting opinion of Mr. Justice Greenblott at the Appellate Division *(Longo v Employers Liab. Assur. Corp.,* 29 NY2d 860). The order should be affirmed. Order affirmed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.