■ V. ALLAN THURSTON et al., Doing Business as PAUL BUNYAN HARDWARE, Respondents, v PAUL BUNYAN HARDWARE STORES, INC., et al., Appellants. — Appeal from an order and an amended order of the Supreme Court at Special Term, entered February 4, 1980 and February 28, 1980 in Warren County, which permitted plaintiffs to amend their complaint to add a party defendant and denied defendants' cross motion for summary judgment. In April, 1977, plaintiffs purchased a hardware store in Chestertown, New York, from the defendant Paul Bunyan Hardware Stores, Inc. (Bunyan). The agreement effectuating the sale contained a noncompetition clause whereby the seller and any other corporation, firm, partnership or other entity directly or indirectly related to the seller or any of its officers and directors convenanted not to engage or become interested in the hardware business for a period of five years within a 25-mile radius of Chestertown. Subsequent to the transfer of assets pursuant to the agreement and the continuation of the hardware business by plaintiffs, Bunyan sold a parcel of unimproved realty to defendant Lincoln Logs, Ltd., which entity constructed a building on the premises which was thereafter sold to defendant Vesce who used it to house a hardware store known as Chestertown Lumber Co. In its amended complaint, attached to and supportive of its motion to add T. J. Vesce, Inc., as a party defendant, plaintiffs allege that defendants Considine and Vesce, both of whom were directors and stockholders in both Bunyan and Lincoln Logs, Ltd., conspired to cause Bunyan to breach its covenant with plaintiffs not to compete. It is plaintiffs' position that the individual defendants were close business associates and that they contrived, through property transfers by corporate entities in which they had control, to engage in the hardware business in direct competition with plaintiffs despite the

covenant of Bunyan to the contrary. Defendants' denials raise issues of fact which include questions of contract interpretation as affected by allegations of the lack of good faith of the parties (cf. *Gulf & Western Corp. v Harlequin Enterprises,* 75 AD2d 739; *Gray Mfg. Co. v Pathe Ind.,* 33 AD2d 739, affd 26 NY2d 1045). Such issues must be tried *(Olinkraft, Inc. v Fairbairn Lbr. Corp.,* 76 AD2d 956). Next, since T. J. Vesce, Inc., which operates the hardware store known as Chestertown Lumber Co., might be inequitably affected by a judgment in this action (CPLR 1001, subd [a]), Special Term was correct in ordering the joinder of T. J. Vesce, Inc., as a party defendant and permitting the service of a supplemental summons on that entity (CPLR 305, subd [a]). Order and amended order affirmed, with one bill of costs to plaintiffs. Mahoney, P.J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.