■ SCIENTIFIC MANAGEMENT INSTITUTE, INC., Respondent, v. RAYMOND MIRRER, Appellant.— Defendant appeals from so much of a judgment of the Supreme Court, Nassau County, entered August 16, 1967, in favor of plaintiff against defendant after a nonjury trial on the issues of damages held pursuant to an order of reversal entered by this court on March 13, 1967 in the disposition of a prior appeal (*Scientific Mgt. Inst.* v. *Mirrer*, 27 A D 2d 845).

Judgment reversed, on the law and the facts, and a new trial granted on the issues of damages, with the costs to abide the event, unless within 30 days after entry of the order hereon plaintiff should serve and file in the office of the Clerk of Nassau County a written stipulation consenting to reduce from $5,000 to $2,000 the award for loss of profits (subd. 1), to reduce from $4,000 to $2,500 the award for counsel fees (subd. 2), and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, on the issue of loss of profits, plaintiff failed to sustain its burden of proof that its net profit was actually $20 an hour, under the theory of damages adopted by the Trial Justice. The only other available proof was that defendant had worked 250 hours and earned $2,000 working for a customer subverted from plaintiff. If plaintiff can prove that defendant received a greater sum, it now has the privilege of a new trial for that purpose, if it so desire, or may attempt properly to prove the actual net profits it lost. In addition, it is our view that the $4,000 award for counsel fees was excessive, considering all of the relevant factors to be given weight, particularly the quantum of plaintiff's recovery on the issue of loss of profits. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur; Motion by appellant to stay examinations in a proceeding to enforce a money judgment, pending appeal from an order of the Supreme Court, Nassau County, dated February 16, 1968, or pending final determination by the Court of Appeals of the action in which the judgment was entered. Motion denied. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.