■ MORRIS WEINRAUCH, Respondent, v BRUCE H. KASHKIN, Appellant. —In an action to enjoin the defendant from soliciting or accepting employment from the plaintiff's clients, to direct him to account for sums received for services rendered and to recover damages resulting from a breach of the

restrictive covenant in the employment contract between the parties, the defendant appeals from a judgment of the Supreme Court, Westchester County, dated December 27, 1977, which, after a nonjury trial, awarded damages to the plaintiff. Judgment reversed, on the law, without costs or disbursements, and new trial granted limited to the issue of damages only. In defiance of the lawful agreement between the parties the defendant solicited and serviced eight accounts which had formerly been clients of the plaintiff's firm. During the trial, the plaintiff proceeded on the theory of conversion to prove his damages. To that end, his expert testified that the value of an accounting practice in a sale is generally twice the annual revenue. The plaintiff presented evidence to show that the billing from the eight accounts totaled $7,700 in the last full year before the defendant terminated their association. The Trial Justice accepted the plaintiff's theory and awarded $15,400. During the trial, the defendant moved to strike the testimony of the expert. His subsequent motion to dismiss was based, in part, on the lack of evidence on which to assess damages. We find that the question was preserved for appellate review and we hold that the award was based on an improper measure of damages. The correct standard is the net profits of which the plaintiff was deprived (see *Scientific Mgt. Inst. v Mirrer,* 29 AD2d 962). The record contains no proof upon which the plaintiff's quantum of recovery can be determined on the appeal; hence, a new trial is required. Mollen, P. J., Hopkins, Titone and Hawkins, JJ., concur.