■ U. S. PLYWOOD, DIVISION OF CHAMPION INTERNATIONAL CORP., Respondent, v IRVING KOBELOWSKY et al., Appellants. — Appeal by defendants from a judgment of the Supreme Court, Suffolk County, entered January 8, 1980, which, after a nonjury trial, held them personally liable to plaintiff, as guarantors of a corporate debt, in the total sum of $21,863.08. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The trial court improperly permitted plaintiff to introduce hearsay testimony to support its claim that it was the successor to the obligee corporation named in the guarantee. Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.

■ LILLIAN WEINRAUCH, as Executrix of MORRIS WEINRAUCH, Deceased, Appellant, v BRUCE H. KASHKIN, Respondent. — In an action, *inter alia,* to recover damages for breach of a restrictive covenant in an employment contract, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated October 22, 1979, which dismissed the action at the conclusion of plaintiff's case for failure to prove a prima facie case, at a nonjury trial limited to the issue of damages only, held pursuant to an order of this court dated August 7, 1978 on the disposition of a prior appeal *(Weinrauch v Kashkin,* 64 AD2d 897). Judgment reversed, on the law, with costs, and judgment is granted in favor of plaintiff in the amount of 6 cents. While we agree with the trial court that plaintiff failed to establish a prima facie case on actual damages, plaintiff is entitled to nominal damages. In an action for breach of contract, where, as here, a breach on the part of the defendant is proven, plaintiff is entitled, as a matter of law, to recover at least nominal damages (see *Leeds v Metropolitan Gas-Light Co.,* 90 NY 26). Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.