■ Town Line Repairs, Inc., et al., Appellants, v Robert Anderson, Individually and Doing Business as Edgewood Service Center, et al., Respondents. — Appeal from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated December 10, 1981, which denied the petitioners' application to enforce a covenant not to compete and dismissed the petition. Order reversed, with $50 costs and disbursements, and case remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith. In this matter the appellants, the purchasers of an automobile repair and body shop, seek to permanently enjoin the former president of the seller corporation and the corporate defendants from operating an automobile repair shop and service center located within two and one-half miles of appellants' automobile repair facility. The parties to the agreement included a restrictive covenant against competition in the contract of sale relating to the automobile repair business. The covenant was drafted by the seller's attorney and did not include a time limit on the seller's duty to refrain from competition within a certain geographic area. Approximately two and one-half to three years after the business was transferred, the former president of the seller became involved in the operation of a gas station which was located within the restricted zone and which offered automobile repair services. The buyers sought injunctive relief. Special Term denied the application for the reason that the covenant could not be enforced since it did not contain a time limit. The buyers have appealed, arguing that if Special Term found the lack of a time limit unreasonable it should have set one and enforced the covenant. In the sale of a business, a covenant restricting the former owner's right to compete protects the purchaser's acquisition of goodwill in a going concern (*Purchasing Assoc. v Weitz,* 13 NY2d 267). It accomplishes this goal by preventing the seller from starting a new competing business in which the seller could accept the trade of those former customers who would voluntarily follow the seller to a new business (*Mohawk Maintenance Co. v Kessler,* 52 NY2d 276). The covenant not to compete is designed to work in conjunction with the implied covenant of the seller to refrain from soliciting his former customers (*Mohawk Maintenance Co. v Kessler, supra*). The only limitation on the enforcement of a covenant not to compete is the reasonableness of the restraint on the seller. A covenant of this type is reasonable when it is not broader in terms of time, scope and area than is reasonably necessary to protect the buyer's interest (*Purchasing Assoc. v Weitz,* 13 NY2d 267, 271, *supra*). Whether a covenant is reasonable depends on the circumstances of each case (*Karpinski v Ingrasci,* 28 NY2d 45). As a general rule, however, covenants not to compete pursuant to the sale of a

business are not treated as strictly as those whose sole purpose is to limit employment (*Mohawk Maintenance Co. v Kessler,* 52 NY2d 276, *supra; Reed, Roberts Assoc. v Strauman,* 40 NY2d 303; *Purchasing Assoc. v Weitz, supra*). A covenant will not be declared invalid merely because it is unlimited in duration if the other restrictions on geographic area and scope are limited and reasonable (*Mohawk Maintenance Co. v Kessler, supra; Karpinski v Ingrasci, supra*). Moreover, if a particular restriction is considered unreasonable, it can be pared or severed and the covenant in its· corrected form can be enforced (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496; *Karpinski v Ingrasci, supra*). From the above, it is clear that Special Term should not have held that the covenant was unenforceable solely because it lacked a durational limit. While the respondents agree that Special Term's reasoning was erroneous, they argue that the result can be justified on other grounds. We disagree. Those other grounds concern the proof necessary to entitle the buyer to an injunction and are best resolved at a hearing. Thus, we remand for a hearing on the issue of what is a reasonable time in view of the particulars of the business, the circumstances underlying the contract of sale and the other limitations contained in the covenant. Other issues that must be determined are whether the nature of the repairs performed at the defendant gas station are embraced by the covenant and, if so, whether the corporate entities and the individual defendant should be enjoined from performing those repairs. Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.