■ ANTHONY BARONE et al., Respondents, v NICHOLAS MARCISAK et al., Appellants. — In an action to, *inter alia,* enjoin defendants from soliciting and doing work for plaintiffs' former customers and to recover damages for lost profits related thereto, defendants appeal from a judgment of the Supreme Court, Nassau County (Oppido, J.), entered December 27, 1982, which permanently enjoined them from soliciting and doing work for 13 enumerated accounts and awarded damages in the sum of $42,000. Judgment modified, on the law and the facts, with costs, by deleting the second decretal paragraph thereof. As so modified, judgment affirmed and matter remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages only. Based on the record, Special Term properly found that plaintiffs' customer list constituted a trade secret in that these customers could not be readily ascertained by reference to directories (see *Town & Country House & Home Serv. v Newbery,* 3 NY2d 554). Further, Special Term properly found that plaintiffs were entitled to recover damages for loss of profits resulting from the loss of customers whom defendants improperly enticed away from plaintiffs. The proof at the trial in this case established that 13 of plaintiffs' former customers were improperly solicited by defendants and that plaintiffs suffered a loss of business as a result of defendants' conduct. "The measure of damages for wrongful diversion of good will or competition in violation of such a restrictive covenant is the loss sustained by reason of the breach, including the net profits of which the plaintiff was deprived by the defendant's acts (*Weinrauch v Kashkin,* 64 AD2d 897, 898; *Scientific Mgt. Inst. v Mirrer,* 29 AD2d 962; Ann., 127 ALR 1152)" (*Borne Chem. Co. v Dictrow,* 85 AD2d 646, 650). This loss need not be proved with precise mathematical accuracy (*Borne Chem. Co. v Dictrow, supra*). Special Term, however, failed to correctly calculate the amount of plaintiffs' damages. Although Special Term assessed the proportion of plaintiffs' lost profits attributable to plaintiffs' loss of customers over a period of one year, the court failed to properly establish how much of the total amount was attributable to the loss of the enumerated 13 customers who were improperly solicited by defendants. Specifically, the court subtracted the gross revenues brought in by five of plaintiffs' former customers who were properly solicited. The court, however, then failed to subtract the gross revenues brought in by those customers that left for other reasons, not related to defendants' solicitations. Gibbons, J. P., Thompson, Gulotta and Boyers, JJ., concur.