■ METEOR INDUSTRIES, INC., et al., Appellants, v METALLOY INDUSTRIES, INC., et al., Respondents. — In an action to enforce a restrictive covenant, plaintiffs appeal from a judgment of the

Supreme Court, Nassau County (Kutner, J.), entered December 20, 1983, which granted defendants' motion for summary judgment and dismissed the verified amended complaint.

Judgment modified, on the law, by deleting the provision granting so much of defendants' motion as sought dismissal of that portion of plaintiffs' verified amended complaint which sought monetary damages and an accounting for defendants' alleged breach of a restrictive covenant and substituting therefor a provision denying that branch of defendants' motion and reinstating that portion of plaintiffs' verified amended complaint which sought monetary damages and an accounting for defendants' alleged breach of the restrictive covenant, and that portion of the verified amended complaint is severed. As so modified, judgment affirmed, without costs or disbursements.

The shareholders' agreement at bar embodies a restrictive covenant incident to the sale of a business. Where a major shareholder of a commercial enterprise sells his interest in the business for consideration which was, in part, payment for the "good will" of the business, a covenant restricting his right to compete with the purchaser is enforceable (see *Mohawk Maintenance Co. v Kessler,* 52 NY2d 276; *Purchasing Assoc. v Weitz,* 13 NY2d 267; *Town Line Repairs v Anderson,* 90 AD2d 517). The sole limitation on the covenant's enforceability is that its duration and scope be reasonably necessary to protect the buyer's legitimate interest in the purchased asset (*Purchasing Assoc. v Weitz, supra*).

Defendant Blumberg, formerly a 50% shareholder in and president of the corporate plaintiff, resigned on April 4, 1980, more than four years ago. The restrictive covenant, by its terms, only governs for a three-year period following a shareholder's separation from the company. Accordingly, the issue of injunctive relief is moot.

As conceded by the parties at oral argument of this appeal, plaintiffs' claim for monetary relief for defendants' alleged breach of the restrictive covenant was properly before Special Term.

The evidence indicates that defendants may have competed with plaintiffs in violation of the restrictive covenant. Although defendants contend that plaintiffs breached the agreement by refusing to buy Blumberg out pursuant to the agreement, upon his resignation, plaintiffs claim that said refusal was predicated on their belief that defendants had breached the agreement by actively soliciting plaintiffs' customers after defendant Blumberg's resignation. Blumberg ultimately did recover his monetary share of the corporation pursuant to an arbitration award.

Triable issues of fact are presented for resolution. Initially, the trial court must determine the factual issue of which of the alleged breaches occurred first. If plaintiffs wrongfully refused to buy out defendant Blumberg, they may not recover damages for any possible breach of the covenant (see *Cornell v T. V. Dev. Corp.*, 17 NY2d 69). If defendant Blumberg was the breaching party, the court must consider whether the time period, geographic limitation and scope of the covenant were reasonable (see *Karpinski v Ingrasci*, 28 NY2d 45; *Town Line Repairs v Anderson, supra*). If the court finds that the covenant is reasonable and, therefore, enforceable, plaintiffs must establish that they suffered damages as a result of defendants' competition during the three-year period in question. Under the circumstances, a trial of the factual issues is required. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.