■ TENDER LOVING CARE, Respondent, v ROBERT FRANZESE, et al., Appellants.—In an action to recover damages for breach of contract and interference with contractual relations, the defendants appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated September 3, 1985, which denied their motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

The defendants Franzese have a son who requires round-the-clock nursing care. In November 1983 the Franzeses engaged the plaintiff Tender Loving Care (hereafter TLC), a health care provider, to furnish them with nurses for their son. The time sheets signed by the defendant Elizabeth Franzese for the plaintiff's nurses contain a restrictive covenant prohibiting the "client" (the Franzeses) from hiring any of the nurses referred to them by the plaintiff for a period of 90 days, as follows: "I agree not to directly employ any person referred to me by TLC for a period of at least 90 days following the termination of my contractual obligation to TLC".

The defendant nurses signed employment contracts with the plaintiff that contained a restrictive covenant prohibiting them from accepting employment from the plaintiff's clients to whom they had been assigned for a period of 90 days after completing their assignment, as follows: "I understand that in accepting TENDER LOVING CARE work assignments, I am an employee of T.L.C. and not of the client to whom I am sent. I agree not to accept employment directly from a T.L.C. client to whom I have been assigned, for a period of 90 days following completion of assignment".

In June 1984 the Franzeses terminated their relationship with the plaintiff, and the Franzeses then formed their own health care corporation and within 90 days hired the defendant nurses who had been assigned by the plaintiff to care for their son. The plaintiff brought suit seeking damages, *inter alia*, for the breach of the two restrictive covenants, and defendants moved for summary judgment on the ground that the covenants were unenforceable as a matter of law. Special Term denied this motion and we now affirm.

The restrictive covenant between the plaintiff and the Franzeses falls within the general rule that "covenants restricting competition are enforceable only to the extent that they satisfy the overriding requirement of reasonableness" *(Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307, *rearg denied* 40 NY2d 918). We cannot say, as a matter of law, that this covenant relating only to the nurses actually provided by the plaintiff to the Franzeses is unreasonable. We further cannot hold, as a matter of law, that this covenant does not protect a legitimate interest of TLC in seeking to avoid the pirating away of its nurse employees. Under these circumstances, these questions should be resolved at trial.

The standard to be applied in analyzing the covenant between the plaintiff and the defendant nurses is stricter than that enunciated above. In an employer-employee context, "[i]n the absence of a showing that an employee has used or disclosed trade secrets or confidential customer lists, or that his services are special, unique or extraordinary, a covenant which prohibits an employee from pursuing a similar vocation after termination of employment is unenforceable" (*Independent Metal Strap Co. v Cohen*, 96 AD2d 830; *see also, Reed, Roberts Assocs. v Strauman, supra*). Here, the plaintiff alleges the defendant nurses were privy to confidential customer lists allegedly constituting trade secrets, which allegations are disputed by the defendants. This creates an issue of fact which cannot be resolved without a trial (*see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496; *Purchasing Assocs. v Weitz*, 13 NY2d 267, *rearg denied* 14 NY2d 584).

In deciding this case, we have not considered the plaintiff-respondent's brief which was not filed until Friday, May 15, 1987, and which has been stricken. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.