■ METEOR INDUSTRIES, INC., et al., Appellants-Respondents, v METALLOY INDUSTRIES, INC., et al., Respondents-Appellants. —In an action to recover damages for breach of a restrictive covenant, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Burke, J., at trial on liability; Pittoni, J.H.O., at trial on damages), entered January 22, 1988, as awarded him only nominal damages in the sum of 6 cents, and the defendants cross-appeal from so much of the judgment as is in favor of the plaintiffs on the issue of liability.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1975, the plaintiffs Harold Greenberg and Andrew Linder and the defendant Glenn Blumberg formed the corporate plaintiff Meteor Industries, Inc. (hereinafter Meteor). These individuals were the only stockholders. In 1978, they entered into a shareholders' agreement which provided, in pertinent part, as follows:

"7. In the event that any Shareholder, during his lifetime, desires to dispose of his shares in the Corporation, he shall first offer in writing all such shares (not a part thereof) for sale to the Corporation. The offer shall be based upon a price determined and payable in accordance with the provisions hereof, and a photostat of such offer shall be sent simultaneously to the other Shareholders.

"(a) If Blumberg is the offering Shareholder, and such offer is not accepted in writing by the Corporation within thirty (30) days after receipt thereof, the same shall be deemed offered to the other Shareholders, and each of the other

Shareholders shall have the right, exercisable within sixty (60) days from the date that the Corporation received the offer to sell, to purchase such portion of the shares offered for sale as the number of shares owned by him at such date shall bear to the total number owned by him and the other non-offering Shareholder, provided, however, that if either of the other Shareholders does not purchase his full proportionate part, the unaccepted shares may be purchased by the other Shareholder. The sale shall be pursuant to 10 (a) and 11 (a) hereof."

Paragraph 10 (a) of the agreement provided that should such a sale take place, goodwill and intangibles "shall be taken at no value". The restrictive covenant which is the crux of this action appeared in paragraph 16 of the agreement as follows: "16. During the term of this Agreement and for a period of three (3) years following the termination of a Shareholder's employment by the Corporation, each Shareholder hereby covenants and agrees that neither he nor any member of his immediate family will, directly or indirectly, become a partner, principal, stockholder, employee or consultant, or in any way connected with any new or existing firm, partnership, corporation or organization which is engaged in competition with the business of the Corporation or which is engaged in the business of buying and selling metal in the form of scrap, rod or mill products, in the continental United States."

On April 4, 1980, Blumberg, who owned 50% of Meteor's stock and was also the president of Meteor, resigned. Pursuant to the shareholders' agreement, that resignation was deemed an offer by Blumberg to sell his interest, and the restrictive covenant became effective. Linder and Greenberg did not buy Blumberg's shares within the 30 days as provided, but instead commenced this action on or about April 17, 1980, seeking injunctive relief, and an accounting based upon the defendants' alleged breach of the restrictive covenant. It appears that while he was still a shareholder and president of Meteor, Blumberg incorporated a new corporation, the defendant Metalloy Industries on March 24, 1980. On the plaintiffs' prior appeal from an order which, *inter alia,* had granted the defendants' motion for summary judgment, this court, in pertinent part, reinstated "that portion of [the] plaintiffs' verified amended complaint which sought monetary damages and an accounting for [the] defendants' alleged breach of [the] restrictive covenant" *(Meteor Indus. v Metalloy Indus.,* 104 AD2d 440, 441). In determining that there were issues requiring a trial, this court noted that: "Initially, the trial court must determine the factual issue of which of the alleged

breaches occurred first. If plaintiffs wrongfully refused to buy out defendant Blumberg, they may not recover damages for any possible breach of the covenant (see *Cornell v T. V. Dev. Corp.*, 17 NY2d 69). If defendant Blumberg was the breaching party, the court must consider whether the time period, geographic limitation and scope of the covenant were reasonable (see *Karpinski v Ingrasci*, 28 NY2d 45; *Town Line Repairs v Anderson* [90 AD2d 517]). If the court finds that the covenant is reasonable and, therefore, enforceable, plaintiffs must establish that they suffered damages as a result of the defendants' competition during the three-year period in question" *(Meteor Indus. v Metalloy Indus., supra,* at 442).

After trial, it was determined that Blumberg had breached the agreement first by undertaking transactions before the expiration of the 60 days within which the other shareholders could purchase his shares as provided in paragraph 7 (a) of the shareholders' agreement. The trial court also found that the restrictive covenant as set out in the agreement was "manifestly unreasonable" insofar as it would deprive Blumberg of his livelihood. It held, however, that the covenant was enforceable to the extent that it restricted Blumberg from doing business with those persons or entities which were Meteor's customers as of April 4, 1980, for a three-year period commencing on that date. The court then held that even as limited, the restrictive covenant had been breached by Blumberg. Consequently, the issue of damages was referred to a Judicial Hearing Officer, who determined that the plaintiffs did not suffer any damages as a result of the breach, and awarded them nominal damages in the amount of 6 cents.

On this appeal, the plaintiffs contend that they proved their entitlement to more than nominal damages. On their cross appeal, the defendants contend that the restrictive covenant was unreasonable and therefore, unenforceable, and that in any event, the plaintiffs failed to establish their entitlement to more than nominal damages.

Initially we find that Blumberg was not merely an employee of Meteor. He was the president, a member of the board of directors and a 50% shareholder. Thus, as the trial court correctly found, the shareholders' agreement addressed the status of the three principals as employees of Meteor only to the extent that such employment was coupled with a stock interest and that the restrictive covenant was incident to the sale of the business. Accordingly, the standard of enforcement in this case is whether the restriction is reasonable as to time, scope and area and is not unduly burdensome *(see, Mohawk*

*Maintenance Co. v Kessler,* 52 NY2d 276). If a particular restriction is considered unreasonable, it can be limited and the covenant, as amended, can be enforced *(see, Town Line Repairs v Anderson,* 90 AD2d 517). We find that as amended by the trial court the restrictive covenant was clearly reasonable and enforceable.

The defendants' further contention that the restrictive covenant was unenforceable because there was no transfer of goodwill incident to the sale is without merit. "Implicit in the sale of a business, unless expressly reserved, is the sale of its 'good will' " *(Borne Chem. Co. v Dictrow,* 85 AD2d 646, 647). Further, "the existence of the noncompetition agreement was evidence that 'good will' was intended to be transferred and required protection" *(Delta Resources v Harkin,* 118 AD2d 133, 138). Thus, the essential factor in the protection of the covenant not to compete is whether goodwill was transferred as part of the sale, not what value was ascribed to it. In the instant case, the record herein establishes clearly that goodwill was intended to be transferred with the sale of shares, albeit no specific value was prescribed to it. Therefore, the bar against solicitation of Meteor's customers was enforceable.

Blumberg admitted that during the three-year period in question, he had made sales to Meteor's customers and that he also acted as a commissioned agent in sales transactions involving Meteor's customers. These acts clearly were in violation of the restrictive covenant, as limited by the court.

However, as found by the Judicial Hearing Officer, the plaintiffs failed to establish that any loss of net profits during the years in issue was due to the defendants' dealings with prior customers of Meteor. Specifically, we find no basis for disturbing the Judicial Hearing Officer's reliance on the deposition testimony of the plaintiff Andrew Linder, who indicated that before April 4, 1980, approximately 90 to 98% of the plaintiffs' business was attributable to sales of brass tubing, and that after Blumberg left, Meteor's business changed "dramatically, completely and totally", and that its main sales became brass rods. According to Linder, the change was warranted not because of Blumberg's purported competition but because the individual plaintiffs did not have Blumberg's expertise and therefore, it was decided that they had better do what they knew best as individuals, to wit, the selling of brass rods.

Although the plaintiffs attempted to counter Linder's deposition testimony with the testimony of Joel Greenberg, who

had joined Meteor after April 4, 1980, the Judicial Hearing Officer found that his testimony was not helpful since it was not in fact supported by the documentary evidence, which supported Linder's deposition testimony. We further note that while Linder testified at the hearing, he was not questioned concerning his deposition testimony. "As has often been held '[t]he decision of a fact find[er] * * * should not usually be disturbed on appeal * * * unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence' *(Matter of Poggemeyer,* 87 AD2d 822, 823)" *(Binenfeld v Binenfeld,* 146 AD2d 663).

Accordingly, since the plaintiffs failed to establish that Meteor's purported decline in net profits was due to the defendants' breach of the restrictive covenant, the plaintiffs were entitled only to nominal damages of 6 cents *(see, Hyde Park Prods. Corp. v Lerner Corp.,* 65 NY2d 316; *Borne Chem. Co. v Dictrow,* 85 AD2d 646, *supra; Bruno Co. v Friedberg,* 28 AD2d 91, *affd* 23 NY2d 798; *see also, Atlantic Mut. Ins. Co. v Noble Van & Stor. Co.,* 146 AD2d 729).

The other contentions are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.