■ PAUL SPIELVOGEL et al., Respondents, v ALAN ZITOFSKY et al., Defendants, and JACK BERGON, Appellant.—In an action, *inter alia*, to recover damages and for injunctive relief based on the breach by the defendants of a covenant not to compete, the defendant Jack Bergon appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Copertino, J.), dated June 23, 1989, as (1) directed him not to engage in the manufacture of vertical blinds for a period of three years and two months, and (2) awarded judgment against him and in favor of the plaintiffs in the principal sum of $433,500 with respect to the plaintiffs' sixth cause of action.

Ordered that the judgment is modified, on the law, on the facts, and in the interest of justice, by deleting the seventh decretal paragraph thereof, and substituting therefor a provision severing the plaintiffs' sixth cause of action and remitting it for a trial on the issue of damages only; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court determined that, by violating a covenant not to compete, the appellant had caused the plaintiffs to lose profits in the sum of $433,500. This determination is based on evidence that during the period of its competition with the plaintiffs, the appellant's business generated $690,000 from the sale of vertical blinds. The plaintiff Anthony Vitale testified that, in the vertical blind business, 35% of the sales price consisted of the cost of "raw material * * * excluding overhead". We note that the record is unclear as to the other costs of doing business apart from the cost of raw materials. In any event, the court reduced the sum of $690,000 (representing the appellant's gross sales) so as to arrive at the sum of $433,500 as the appellant's net profit.

In awarding to the plaintiffs a sum of money allegedly representing *all* of the profit made by the appellant during the time of his improper competition, the Supreme Court necessarily found that "the plaintiff[s] would have made all the sales actually made by the [appellant] if the [appellant] had not competed with [them]" *(Michel Cosmetics v Tsirkas,* 282 NY 195, 204). However, there is no evidence in the record which tends to support this finding. The evidence does not furnish an adequate basis upon which to determine to what extent, if at all, the plaintiffs' business, whose sales continued to increase during the years in question, would have increased even further had the appellant not been in competition.

Although the plaintiffs' failure of proof on this issue would ordinarily require modification of the judgment so as to provide for an award of nominal damages *(see, e.g., Meteor Indus. v Metalloy Indus.,* 149 AD2d 483), we believe that the interest of justice instead warrants a new trial. Under the particular circumstances of this case, we conclude that since "[t]he record contains no proof upon which the plaintiff's quantum of recovery can be determined on appeal * * * a new trial is required" *(Weinrauch v Kashkin,* 64 AD2d 897, 898).

We have examined the appellant's remaining contention and find it to be without merit. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.