■ **SLOMIN'S INC.**, Appellant-Respondent, v **HERBERT GRAY** et al., Respondents-Appellants.—In an action to permanently enjoin the defendants from soliciting and servicing the plaintiff's customers, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), entered November 13, 1989, as denied that branch of its motion which was to preliminarily enjoin the defendants from servicing any of the plaintiff's customers. The defendants cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiff's motion which was to preliminarily enjoin the defendant Herbert Gray from soliciting the plaintiff's customers, and the defendant Oil Services, Inc., from advertising that the defendant Herbert Gray is employed by it and was formerly affiliated with Fleet Utilities Company, Inc., and the plaintiff.

Ordered that the order is modified by deleting therefrom the provision granting that branch of the plaintiff's motion which was to preliminarily enjoin the defendant Oil Services, Inc., from advertising that the defendant Herbert Gray is employed by it and was formerly affiliated with Fleet Utilities Company, Inc., and the plaintiff; as so modified, the order is affirmed, with costs to the defendants.

The plaintiff, Slomin's Inc., the defendant Oil Services, Inc. (hereinafter Oil Services), and Fleet Utilities, Inc. (hereinafter Fleet), are businesses engaged in the retail sale of heating oil. In 1982, the plaintiff purchased Fleet, including its customer list. At the time of the purchase, the defendant Herbert Gray, an owner of one-half of the shares of stock of Fleet, entered into an agreement with the plaintiff, in which Gray covenanted, *inter alia,* not to engage in the retail fuel oil business or to "service" or "solicit" the plaintiff's customers located in the counties of Nassau, Suffolk, Queens, Kings, and New York. The agreement was to continue "in perpetuity".

In August of 1989 Gray left the employ of the plaintiff and commenced working for the defendant Oil Services. This new work arrangement was publicized in a local newspaper of general circulation. Within approximately six weeks, 12 of the plaintiff's customers, all of whom were former Fleet customers, took their business from the plaintiff to Oil Services.

The plaintiff then commenced an action against Oil Services and Gray to permanently enjoin them from soliciting or servicing the plaintiff's customers, including former Fleet customers. In the interim the plaintiff moved, by order to show cause, for a preliminary injunction seeking the same relief.

The Supreme Court enjoined Gray from soliciting the plaintiff's customers, including former Fleet customers, and enjoined Oil Services from advertising that Gray, formerly of Fleet, was now an employee of the defendant. The plaintiff appeals from so much of the order as did not enjoin Oil Services from servicing the plaintiff's customers that voluntarily took their business from the plaintiff to Oil Services. The defendants cross-appeal from the rest of the order.

It is the settled law of this State that one who sells a business to another has a legal duty to refrain from acting to impair the "good will" transferred to the purchaser in exchange for part of the purchase price *(Hyde Park Prods. Corp. v Maximilian Lerner Corp.,* 65 NY2d 316, 321; *Mohawk Maintenance Co. v Kessler,* 52 NY2d 276). The law imposes upon the seller "a specific duty to refrain from soliciting his former customers after he has sold his business and the accompanying 'good will' to another" *(Mohawk Maintenance Co. v Kessler, supra,* at 285-286). This duty is not subject to a test of "reasonableness" and is indefinite in duration *(see, Kraft Agency v Delmonico,* 110 AD2d 177). Thus, the duty imposed on Gray not to solicit former customers is proper, and the plaintiff is rightfully entitled to an injunction which would prohibit Oil Services from actively soliciting the customers of the plaintiff which were acquired from Fleet *(see, Kraft Agency v Delmonico, supra,* at 185).

However, with respect to the covenant not to service, the test of reasonableness applies *(see, Kraft Agency v Delmonico, supra; see also, Mohawk Maintenance Co. v Kessler, supra,* at 285, n 6). "In determining whether the terms of such a restraint are reasonably necessary to protect [the plaintiff's] interests, the * * * court should consider, among other things, such factors as the size and location of the market areas to be served by the parties and the length of time needed to provide [the plaintiff] with a reasonable period in which to secure his ownership in the good will of the agency" *(Kraft Agency v Delmonico, supra,* at 185). Considering the character and size of the counties involved and the duration of the covenant, we find that the area restriction imposed is "manifestly unreasonable". Thus, the Supreme Court was correct in denying the plaintiff's request that Gray be enjoined from servicing former Fleet customers who voluntarily switch from the plaintiff to Oil Services.

Furthermore, the defendants claim that an advertisement in a local newspaper of general circulation stating that Gray is currently employed by Oil Services and that he was for-

merly affiliated with Fleet and the plaintiff does not constitute solicitation. We agree. In *Mohawk Maintenance Co. v Kessler (supra,* at 284), the Court of Appeals stated that the economic freedom of the seller is restricted "only insofar as it precludes him from approaching his former customers and attempting to regain their patronage after he has purported to transfer their 'good will' to his purchaser". At bar, the newspaper advertisements were not solicitations because they were not personal petitions addressed to particular individuals. Therefore, we modify the Supreme Court's order so as to delete the provision enjoining Oil Services from so advertising.

We find the parties' remaining contentions to be without merit. Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.