■ MARK WOJCIECHOWSKI et al., Appellants, v MARK BIRNBAUM et al., Respondents. [595 NYS2d 3] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered December 11, 1991, which, in an action to recover the down payment on the sale of a cooperative apartment, granted defendant seller's motion for summary judgment and denied plaintiffs buyers' cross motion for summary judgment, and order of the same court, entered April 16, 1992, which denied plaintiffs' motion to reargue and renew, unanimously affirmed, with costs.

We agree with the IAS Court that plaintiffs breached the contract and that defendant Birnbaum is therefore entitled to retain the down payment. Plaintiffs argue that an issue of fact exists concerning the scope and meaning of the September 12 letter of their counsel, but we find no ambiguity, misunderstanding, or antecedent fraud. Furthermore, assuming arguendo that this $630,000 contract is governed by UCC article 2, forfeiture of the deposit cannot be equated with an imposition of a penalty in violation of UCC 2-718, since in the circumstances presented, namely, the sale of the apartment some seven months later for $625,000, liquidated damages in the amount of $63,500 cannot be deemed unreasonably large. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.

■ TILLMAN & TILLMAN, P. C., Appellant, v 1330 THIRD AVENUE CORP. et al., Respondents. [595 NYS2d 679] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on February 21, 1992, unanimously affirmed for the reasons stated by Lebedeff, J., with costs and with disbursements. No opinion. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Asch, JJ.