■ OLCOTT LAKESIDE DEVELOPMENT, INC., Appellant, v DONALD D. KRUEGER, Respondent. [616 NYS2d 841] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and judgment ordered in accordance with the following Memorandum: Defendant agreed to purchase a townhouse owned by plaintiff. The agreement contained a liquidated damages provision whereby defendant agreed, in the event of a default, to pay 10% of the purchase price plus the contractually agreed upon price for extras, changes or modifications to be installed by plaintiff. Defendant defaulted and plaintiff commenced this action to enforce the liquidated damages provision.

Supreme Court erred in denying plaintiff's motion for summary judgment. Whether a liquidated damages provision is valid and enforceable is an issue for the court to determine (see, Mosler Safe Co. v Maiden Lane Safe Deposit Co., 199 NY 479; Estate of Arena v Abbott & Cobb [appeal No. 2], 158 AD2d 926, lv denied 75 NY2d 710). An agreement providing for liquidated damages constituting 10% of the purchase price in the event of a default in the purchase of property is reasonable (see, Maxton Bldrs. v Lo Galbo, 68 NY2d 373; Wojciechowski v Birnbaum, 191 AD2d 247; Jones Realty Corp. v Frick, 144 AD2d 451, lv dismissed 74 NY2d 715). Further, defendant's agreement to pay an additional amount representing the actual cost for extras, changes or modifications to the townhouse is reasonably related to damages that might be incurred by the seller in the event of a default. The record is devoid of evidence that the liquidated damages provision is disproportionate to the potential loss or damages contemplated by the parties at the time the agreement was made. Under the circumstances, plaintiff is entitled to summary judgment in the sum of $17,950 and we order that judgment be entered in favor of plaintiff in that amount together with interest commencing from April 9, 1991 at the statutory rate (see, CPLR 5004). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pine, J. P., Balio, Lawton, Callahan and Davis, JJ.