■ JACOB HADARI, Respondent, v YURI LESHCHINSKY et al., Appellants. [662 NYS2d 85] —In an action, *inter alia,* to recover damages for breach of contract and fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated June 11, 1996, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting therefrom the provision denying those branches of the defendants' motion which were for summary judgment dismissing the second and fourth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On May 6, 1985, the plaintiff entered into an agreement to purchase all of the outstanding stock of Enterprise Bell and Intercom, Inc. from its sole shareholders, the defendants Yuri Leshchinsky and Roman Katsnelson. The contract of sale contained a restrictive covenant which prohibited the defendants from, *inter alia,* accepting or performing intercom installation work within the City of New York for a period of five years. Three years after the sale, the plaintiff commenced this action against the defendants alleging that they had breached the restrictive covenant by accepting electrical contracts within

the City of New York which included the performance of intercom installation work.

Contrary to the defendants' contention, the Supreme Court did not err in denying their motion for summary judgment dismissing the plaintiff's first and third causes of action, which seek damages and an accounting for their alleged breach of the restrictive covenant. Where the shareholders of a commercial enterprise sell their interest in the business for consideration, which includes payment for the good will of the business, a covenant restricting the sellers' right to compete with the purchaser is enforceable (*see, Mohawk Maintenance Co. v Kessler,* 52 NY2d 276; *Meteor Indus. v Metalloy Indus.,* 104 AD2d 440). The sole limitation on the enforceability of such a covenant is that its duration and scope be reasonably necessary to protect the buyer's legitimate interest in the purchased asset (*see, Purchasing Assocs. v Weitz,* 13 NY2d 267; *Slomin's Inc. v Gray,* 176 AD2d 934; *Meteor Indus. v Metalloy Indus., supra*). At bar, the record discloses sharply disputed factual issues as to whether the restrictive covenant was reasonable in scope, and whether the defendants breached the terms of the covenant by accepting electrical contracts which required the performance of intercom installation work. Under these circumstances, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the breach of contract and accounting causes of action (*see, Tender Loving Care v Franzese,* 131 AD2d 747).

However, the second cause of action, which seeks to recover damages for fraud, must be dismissed. A cause of action for fraud cannot stand where, as here, the only fraud alleged relates to a breach of contract (*see, Sisters of Divine Compassion v Pace Univ.,* 230 AD2d 904; *Jackson Hgts. Med. Group v Complex Corp.,* 222 AD2d 409). Moreover, " '[a breach of] contract action may not be converted into one for fraud by the mere additional allegation that the contracting party did not intend to meet his contractual obligation' " (*Hudson v Greenwich I Assocs.,* 226 AD2d 119; *see also, Meehan v Meehan,* 227 AD2d 268). Similarly, the fourth cause of action, which seeks rescission of the contract on the theory that it was induced by a promise not to compete which the defendants never intended to keep, also must fail (*see, Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 406-407; *Almap Holdings v Bank Leumi Trust Co.,* 196 AD2d 518). Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.