■ Sally Blackman, Plaintiff, v Joseph Genova et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. Robert Blackman, Third-Party Defendant-Respondent. [671 NYS2d 982] —In an action to recover damages for breach of contract, the defendants third-party plaintiffs Joseph Genova and Diane Genova appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated March 12, 1997, as granted that branch of the motion of the third-party defendant which was to dismiss the third-party complaint, and denied their cross motion for sanctions.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 1996 the plaintiff, as seller, and the appellants, as buyers, entered into a contract for the sale of the plaintiff's co-operative apartment. The complaint alleges that the appellants failed to appear on the closing date, and that, therefore, the contract deposit of $64,250 should be released from escrow. The appellants brought a third-party action against the seller's husband, alleging, *inter alia,* that they were fraudulently induced to enter into the contract.

The court properly dismissed the third-party complaint. A

cause of action for fraud cannot stand where, as here, the only fraud alleged relates to a breach of contract (*see, Hadari v Leshchinsky,* 242 AD2d 557; *Jackson Hgts. Med. Group v Complex Corp.,* 222 AD2d 409). Nor may a breach of contract action be converted into one for fraud by the mere additional allegation that the contracting party did not intend to fulfill its contractual obligation (*see, Hadari v Leshchinsky, supra; Hudson v Greenwich I Assocs.,* 226 AD2d 119).

The appellants' remaining contentions are without merit. Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.