■ Sally Blackman, Respondent, v Joseph Genova et al., Appellants, et al., Defendants. [704 NYS2d 86] —In an action to

recover damages for breach of contract, the defendants Joseph Genova and Diane Genova appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated September 23, 1998, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross motion for summary judgment on the complaint against the appellants and to dismiss their counterclaims.

Ordered that the order is affirmed, with costs.

The plaintiff, as seller, and the defendants Joseph Genova and Diane Genova, as buyers, entered into a contract of sale for the plaintiff's cooperative apartment. The plaintiff commenced this action alleging that the appellants breached the contract and that, pursuant to the terms thereof, she was entitled to retain their 10% deposit as liquidated damages. After issue was joined, each party moved for summary judgment, and the plaintiff also cross-moved to dismiss the appellants' counterclaims. The Supreme Court denied the appellants' motion and granted the plaintiff's cross motion. We affirm.

The plaintiff established, prima facie, her entitlement to judgment as a matter of law in her favor. The appellants' attempt to defeat the motion for summary judgment by contending that the plaintiff repudiated or anticipitorily breached the contract is without merit. Those contentions were raised before the Supreme Court on a prior motion and were rejected in an order dated March 12, 1997, which was affirmed by this Court (*see, Blackman v Genova,* 250 AD2d 561). The appellants are limited to their argument that the liquidated damages clause of the contract violates UCC 2-718. However, even assuming that UCC 2-718 is applicable, the appellants failed to raise a triable issue of fact that the amount fixed as liquidated damages was so unreasonably large as to constitute a penalty (*see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Vafa v Cramer,* 212 AD2d 593; *Wojciechowski v Birnbaum,* 191 AD2d 247). Accordingly, summary judgment was properly awarded to the plaintiff. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.