■ HAROLD L. KESTENBAUM, Appellant, v LEONARD W. SUROFF et al., Respondents. [704 NYS2d 260] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), entered March 31, 1998, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the plaintiff's first cause of action insofar as asserted against the defendant Leonard W. Suroff, and substituting therefor a provision denying that branch of

the motion; as so modified, the order is affirmed, with costs to the appellant, and the first cause of action is reinstated against the defendant Leonard W. Suroff.

In October 1988 the plaintiff Harold Kestenbaum, the defendant Leonard W. Suroff, and a third man, John P. Holmes, were the majority shareholders of Franchiseit Corporation. The plaintiff alleges that at that time the three men entered into an oral agreement which prohibited each of them from selling their individual shares without the approval of the other two. Although the alleged agreement had no fixed termination date, the plaintiff claims that it was to terminate when all three men left the company. The plaintiff subsequently commenced this action seeking damages for breach of the purported agreement, fraud, and conspiracy. The defendants' motion to dismiss the complaint was granted, and the plaintiff appeals.

On appeal, the plaintiff contends that the Supreme Court erred in dismissing his cause of action to recover damages for breach of contract against the defendant Leonard W. Suroff as barred by General Obligations Law § 5-701 (a) (1). We agree.

General Obligations Law 5-701 (a) (1) requires an agreement to be in writing if it cannot be performed within one year from the date of its making. However, the application of this provision is limited only "to those contracts * * * which by their very terms have absolutely no possibility in fact and law of full performance within one year" (*D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454). Thus, "[w]herever an agreement has been found to be susceptible of fulfillment within that time, in whatever manner and however impractical", the one-year provision of the statute is inapplicable, and the agreement is not barred (*D & N Boening v Kirsch Beverages, supra,* at 455). Here, the alleged agreement could be terminated if all three promisors left the Franchiseit Corporation within one year. Accordingly, we find that the agreement is not barred by the General Obligations Law.

However, the Supreme Court properly dismissed the plaintiff's cause of action to recover damages for fraud since the alleged misrepresentations made by Leonard W. Suroff are not sufficiently distinct from the breach of contract claim to constitute a separate cause of action (*see, Rubinberg v Correia Designs,* 262 AD2d 474; *Blackman v Genova,* 250 AD2d 561; *Riverbank Realty Co. v Koffman,* 179 AD2d 542). In view of the dismissal of the fraud claim, the plaintiff's third cause of action, which charges that the defendants participated in a conspiracy to commit fraud, cannot stand because conspiracy is

not an independent tort (*see, Rivera v Greenberg,* 243 AD2d 697; *Seeds v Seeds,* 157 AD2d 654). Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.