■ WALTER ALSHEIMER et al., Appellants-Respondents, v DARYL S. EVARTS et al., Respondents-Appellants. [734 NYS2d 788] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action seeking a declaration of their rights and obligations following the sale of their tax preparation business to defendants, and defendants asserted a counterclaim seeking rescission of the sale. Supreme Court properly denied plaintiffs' motion for summary judgment on the complaint. "When a viable counterclaim arises from the same underlying transaction as is involved in the main action and is inseparable from or inextricably intertwined with that transaction, summary judgment should be denied" (*Yoi-Lee Realty Corp. v 177th St. Realty Assocs.*, 208 AD2d 185, 189; *see also, Milligan Contr. v Mancini Assocs.*, 174 AD2d 136, 138).

We note, however, that the court erred in finding that there is a triable issue of fact whether the sale of the business included its good will. "Implicit in the sale of a business, unless expressly reserved, is the sale of its 'good will'" (*Borne Chem. Co. v Dictrow*, 85 AD2d 646, 647; *see, Meteor Indus. v Metalloy Indus.*, 149 AD2d 483, 486), and it is undisputed that good will was not expressly reserved from the sale of the business. Thus, good will was included in the sale as a matter of law. In addition, we note that the court erred in indicating in its decision that it would consider issuing a preliminary injunction preventing plaintiffs from operating a tax preparation business in direct competition with defendants. In the absence of a covenant not to compete, plaintiffs are not barred from engaging in a competing business (*see, Mohawk Maintenance Co. v Kessler*, 52 NY2d 276, 283). (Appeals from Order of Supreme Court, Steuben County, Latham, J.—Summary Judgment.) Present— Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.