Appeal and cross appeal from an order and judgment (one document) of Supreme Court, Erie County (Makowski, J.), entered December 13, 2001, which, inter alia, granted that part of the motion of defendant for partial summary judgment on liability on its counterclaim.
It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Plaintiff, Town of West Seneca (Town), and defendant entered into a contract pursuant to which defendant agreed to accept the Town’s solid waste in return for a monthly fee. In July 1998, the Town ceased paying defendant’s invoices and subsequently commenced an action alleging that the environmental cost, a component of the monthly fee, was excessive and contrary to the provisions of the contract. The Town nevertheless continued to send its solid waste to defendant for a period of 18 months, however, at which time defendant refused to accept any further waste. Defendant commenced a separate action against the Town to recover those unpaid disposal fees, and the two actions were thereafter consolidated. Supreme Court properly granted that part of the motion of defendant for partial summary judgment on liability on its counterclaim for unpaid disposal fees. Defendant met its initial burden by establishing that the Town continued to send its solid waste to defendant’s facility for 18 months without paying any of defendant’s invoices (see Convenient Med. Care v Medical Bus. Assoc., 291 AD2d 617, 618 [2002]). In opposition, the Town did not assert that the contract was invalid but, rather, asserted defendant’s alleged breach of the contract as a defense to the *945 Town’s nonperformance. Because defendant established the existence of a valid contract and the Town’s breach thereof, the court properly determined that defendant is entitled to partial summary judgment on liability (see id.).
We further conclude, however, that the court properly denied that part of defendant’s motion with respect to damages. The environmental cost component disputed by the Town cannot be separated from the other components of the monthly fee, and thus the relief sought by defendant on the counterclaim is “inseparable from or inextricably intertwined” with the relief sought by the Town (Yoi-Lee Realty Corp. v 177th St. Realty Assoc., 208 AD2d 185, 189 [1995]; see Alsheimer v Evarts, 289 AD2d 1004 [2001]). Present — Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.