■ JOSEPH MAMMOLITO et al., Appellants, v JAMES MCHUGH et al., Respondents. (And a Third-Party Action.) [779 NYS2d 533]—

In an action, inter alia, to recover insurance premiums and accounts receivable, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated September 6, 2002, as denied that branch of their motion which was for summary judgment dismissing the defendants' counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant James McHugh purchased the plaintiffs' interest in a family-owned business pursuant to a stipulation settling a corporate dissolution proceeding. The stipulation included restrictive covenants precluding the plaintiffs and their son, Joseph Mammolito, Jr., from competing with McHugh's business for a certain period of time in Nassau and Suffolk counties. The plaintiffs commenced this action, inter alia, to recover insurance premiums and accounts receivable in connection with the sale of the business. The defendants counterclaimed to recover damages on the ground that the plaintiffs and their son violated the restrictive covenants by their involvement in a competing business.

An agreement restricting the right of a seller of a commercial enterprise to compete with the purchaser is enforceable depending on its duration and scope (*see Mohawk Maintenance Co. v Kessler,* 52 NY2d 276, 283-284 [1981]; *Hadari v Leshchinsky,* 242 AD2d 557 [1997]; *Meteor Indus. v Metalloy Indus.,* 104 AD2d 440 [1984]). In moving to dismiss the counterclaim, the plaintiffs did not dispute that the covenants were enforceable but denied that they had any involvement in a competing business. In opposition to the motion, the defendants submitted evidence which presented issues of credibility and was sufficient to raise triable issues of fact (*see Meteor Indus. v Metalloy Indus., supra; Thurston v Paul Bunyan Hardware Stores,* 80 AD2d 971 [1981]). Accordingly, the plaintiffs' motion for summary judgment dismissing the counterclaim was properly denied. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.